UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE ANDRES CANTARERO,<br>Petitioner,<br>v.<br>CHARLES GREEN,<br>Respondent. | Civil Action No. 17-903 (MCA)<br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Respondent's filing of a letter dated November 30, 2017. (ECF No. 10.) It appearing that:

The instant habeas petition was instituted by Jose Andres Cantarero, a detainee currently confined at Essex County Correctional Facility, on February 8, 2017. Respondent filed the response to the petition on August 4, 2017, and provided the relevant record, which established the following relevant facts.

Petitioner has been in ICE custody since August 6, 2015. (ECF No. 8-1, George Cert. at ¶ 4.) Petitioner is a citizen El Salvador and had been granted Temporary Protected Status ("TPS") and paroled into the United States. (*Id.* at ¶¶ 3, 5-10.) His TPS was withdrawn on March 4, 2014, after he was arrested for assault. (*Id.* at ¶¶ 11-12.)

On December 4, 2014, United States Citizen and Immigration Services ("USCIS") issued a Notice to Appear charging Petitioner as being removable from the United States under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant

1

visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act. (*Id.* at ¶ 14.)

On August 6, 2015, ICE took Petitioner into custody. (*Id.* at ¶ 15.) On August 17, 2015, Petitioner requested a bond hearing. The bond hearing was held on September 28, 2015. At that hearing, no action was taken by the Immigration Judge. Petitioner reserved appeal. (*Id.* at ¶ 16.) On February 26, 2016, Petitioner had another bond hearing, and bond was denied. Petitioner reserved appeal. He filed an appeal of this decision on March 29, 2016. His appeal was dismissed on June 22, 2016. (*Id.* at ¶ 17.)

Petitioner was ordered removed on December 23, 2016. (*See* ECF No. 8-4.) The Board of Immigration Appeals ("BIA") dismissed his appeal on April 27, 2017. (ECF No. 8-5.) On June 8, 2017, the Third Circuit granted Petitioner a stay of a removal and a stay in connection with his appeal.[1] (ECF Nos. 8-6, 8-7.) On November 14, 2017, the United States Court of Appeals for the Third Circuit vacated its temporary administrative stay of removal and denied Petitioner's motion for a stay. (*See* PACER No. 17-2194.)

Because the Third Circuit has vacated the stay, Petitioner's detention is now post-final removal order and is governed by 8 U.S.C. § 1231(a)(1). *See Barthelus v. Green*, No. 16-4237 (JMV), 2016 WL 6683547, at *1 (D.N.J. Nov. 14, 2016); *see also Perez v. Tsoukaris*, Civ. Act. No. 16-562, 2016 WL 3129616 (D.N.J. June 1, 2016) ("Only when the Third Circuit either vacates the temporarily granted stay or enters a final decision on Petitioner's appeal will

---

[1] It appears that Petitioner has sought reconsideration of the Order vacating the stay (*See* PACER No. 17-2194); however, the Third Circuit has not ruled on that motion or otherwise reissued the stay. Therefore, Petitioner is currently detained pursuant to § 1231.

2

Petitioner return to final order status and be subject to custody under § 1231(a).").

Congress has mandated that ICE detain aliens during the 90-day removal period while seeking to effectuate their removal. *See* 8 U.S.C. §§ 1231(a)(1)(a) and 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."); *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001)

The Attorney General has discretionary authority to detain aliens beyond the 90-day removal period, or release them under supervision. *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Supreme Court held that Section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Court recognized six months as a "presumptively reasonable period" of post removal order detention. *Id.* at 701.

Here, Petitioner has been detained under § 1231 for less than a month. As such, his detention has not become presumptively unreasonable under *Zadvydas*, and the Court will deny the petition without prejudice to Petitioner's filing of a new petition should his detention become unreasonably prolonged. An appropriate Order follows.

\

_____
Madeline Cox Arleo, U.S.D.J.